UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RICARDO ANDERSON,<br><br>Petitioner,<br>v.<br><br>ISIDRO BACA, *et al.*,<br><br>Respondents. | Case No. 3:16-cv-00545-MMD-WGC<br><br>ORDER |

This habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' unopposed motion to dismiss (ECF No. 18.). Respondents seek dismissal of the petition as untimely, and respondents further contend, *inter alia*, that Grounds 1 through 3 constitute noncognizable claims of pre-plea error.

I.  **BACKGROUND**

Petitioner Ricardo Anderson challenges his Nevada state conviction, pursuant to a guilty plea, of embezzlement, theft, and attempt to obtain money by false pretenses.

On November 19, 2010, the state district court sentenced petitioner to term sentences on the three charges and then suspended sentence and placed him on probation not to exceed five years with special conditions. (ECF No. 19-26; Exh. 26.) That same day, the court entered an order titled as "Suspended Sentence." The order reflected that Anderson had been adjudged guilty of the offenses at sentencing, stated the sentences imposed, and suspended the sentences with probation. (ECF No. 19-27; Exh. 27.)

Anderson's probation thereafter was revoked. On November 18, 2011, the state district court entered an order titled as a "Judgment of Revocation of Probation." The order

reflected, *inter alia*, the prior adjudication of guilt, the sentences previously imposed with suspension of sentence and probation, and the revocation of probation. (ECF No. 20-15; Exh. 46.)

On June 11, 2012, Anderson filed a state post-conviction petition. The petition was denied on the merits, and the state appellate courts affirmed also on the merits. The remittitur issued on August 19, 2015. (ECF Nos. 20-20, 22-18, 22-22, 23-23, 23-28, 23-29 & 24-3; Exh. Nos. 51, 104, 108, 134, 139, 140 & 144.)

On July 28, 2015, during the pendency of the above proceedings, Anderson filed a second state post-conviction petition. The state district court denied the petition as, *inter alia*, untimely, with the court regarding the November 19, 2010, order as the judgment of conviction. Anderson did not appeal. (ECF Nos. 24, 24-7 & 24-8; Exhs. 141, 148 & 149.)

On December 10, 2015, Anderson filed a notice of motion and motion styled as a "Motion to Dismiss, Pursuant to NRS 174.105, Motion to Vacate Sentences/Judgement, Pursuant to NRS 174.145, and N.R.Civ.P. Rule 60(b)(4)." (ECF No. 24-9; Exh. 150.) The record presented in this matter does not reflect the action, if any, that was taken with respect to that motion.

On January 4, 2016, Anderson filed a third state post-conviction petition. The state district court denied the petition as, *inter alia*, untimely. (ECF Nos. 24-10, 24-30 & 24-31; Exhs. 151, 171 & 172.) The state supreme court's online docket as well as online legal research resources reflect that the state appellate courts affirmed the denial of the petition as, *inter alia*, untimely, with the appellate courts also regarding the November 19, 2010, order as the judgment of conviction. *See Anderson v. Warden, Northern Nevada Correctional Center*, 2017 WL 4679936 (Nev. Ct. App., Oct. 12, 2017).

Meanwhile, on January 25, 2016, Anderson filed a notice of motion and motion styled as a "Motion to Dismiss, Pursuant to NRS 175.05, Motion to Vacate Sentence/Judgement, Pursuant to NRS 174-175, and N.R.Civ.P. Rule 60(b)(4)." The motion was similar to, but not completely identical to, the earlier December 10, 2015, motion. The state district court directed a response to the motion. The State responded,

*inter alia*, that the motion was untimely. (ECF Nos. 24-11, 24-12, 24-21 & 24-23; Exhs. 152, 153, 162 & 164.) The record presented in this matter does not reflect the action, if any, that was taken with respect to that motion.

On or about September 14, 2016, petitioner mailed the federal petition to the Clerk of this Court for filing. (ECF No. 1-1 at 12.)

**II. DISCUSSION**

**A. Timeliness**

While the motion to dismiss has not been opposed, the Court is not persuaded on the showing made that the petition is untimely, due in part to the intervening decision in *Smith v. Williams*, 871 F.3d 684 (9th Cir. 2017).

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review."

In *Smith,* the Ninth Circuit held that "the judgment" for purposes of § 2244(d)(1)(A) is the judgment under which the petitioner then is being held. 871 F.3d at 686-89. In the present case, that judgment is the intervening November 18, 2011, judgment of revocation of probation, not the prior November 19, 2010, judgment.

The federal limitation period therefore began running with respect to a federal petition after the time to appeal the November 18, 2011, intervening judgment expired, *i.e.*, on Monday, December 19, 2011.[1]

Petitioner's first state petition was addressed on the merits and was not dismissed as untimely. The first petition therefore statutorily tolled the running of the limitation period under § 2244(d)(2) from the June 11, 2012, filing date of the petition through the August

///

---

[1] Ground 4 in the petition, which challenges the basis for the revocation of probation, would not have accrued prior to the expiration of the time to appeal the November 18, 2011, judgment of revocation of probation in any event.

3

1 19, 2015, issuance of the remittitur.[2] Prior to the filing of the petition, 174 days elapsed between December 19, 2011, and June 11, 2012, including the leap day.

Accordingly, absent other tolling or delayed accrual, the federal one-year limitation period expired after another 191 days had elapsed after the August 19, 2015, remittitur, *i.e.*, on February 26, 2016.[3]

Petitioner's untimely second and third state petitions did not statutorily toll the running of the federal limitation period. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

Anderson advances no other basis for equitable tolling or delayed accrual of the limitation period in response to the motion to dismiss, separate and apart from a claim of actual innocence in the petition.

However, petitioner filed motions seeking to overturn his conviction prior to the putative February 26, 2016, expiration of the federal limitation period, on December 10, 2015, and January 25, 2016. The record before this Court does not reflect that any definitive action was taken on these motions at any time prior to the constructive filing of the federal petition on September 14, 2016. Nor does the current record reflect that the motions were denied either as untimely or otherwise on a basis that would render the motions not "properly filed" with regard to statutory tolling under § 2244(d)(2). Given that the motions challenged the conviction, it would appear that they otherwise would constitute an "application . . . for . . . other collateral review" for purposes of statutory tolling under § 2244(d)(2). *See, e.g., Tillema v. Long*, 253 F.3d 494, 498 (9th Cir. 2001), *overruled on other grounds by Pliler v. Ford,* 542 U.S. 225, 231 (2004).

///

---

[2]Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

[3]The federal limitation period started running on the day after the appeal time expired on December 19, 2011, not on the day that the appeal time expired. *See, e.g., Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001)(when applying § 2244(d), under Federal Rule of Civil Procedure 6(a), the day of the act, event, or default from which the designated period of time begins to run shall not be included).

4

Accordingly, due in part to the intervening authority in *Smith*, respondents have not demonstrated that the petition is untimely on the record presented.

The Court therefore will deny the motion to dismiss in this respect without prejudice to a possible renewed motion to dismiss limited to the time-bar defense if respondents can establish that the motions either (a) were resolved at a time material to the timeliness of the federal petition under the Court's analysis herein; and/or (b) have been conclusively resolved in a manner that establishes that the motions either were untimely or otherwise not properly filed.[4]

The Court thus has no occasion at this juncture to consider petitioner's reliance in the petition upon actual innocence as a potential basis for overcoming any untimeliness demonstrated as to the petition. However, the Court notes that petitioner presents distinct actual-innocence arguments as to embezzlement in Ground 2 and as to felony attempt to obtain money by false pretenses in Ground 3. (See ECF No. 9 at 5 & 7.) A successful argument as to only one offense would not necessarily overcome any untimeliness of the petition as to the convictions for the other two offenses. *See Vosgien v. Persson*, 742 F.3d 1131, 1136-37 (9th Cir. 2014.) The Court expresses no opinion as to whether petitioner's arguments establish only legal insufficiency rather than actual factual innocence and/or whether petitioner would be required to demonstrate actual innocence also of the multiple other offenses that were dismissed as part of the plea bargain. *Cf. Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (regarding both points).

**B.     Actual Innocence as a Freestanding Claim**

In Ground 2, petitioner alleges, *inter* alia, that he is actually innocent of embezzlement. In Ground 3, petitioner alleges, *inter alia*, that he is actually innocent of felony attempt to obtain money by false pretenses. Respondents contend that, as a matter of law, these claims are not cognizable because neither the Supreme Court nor Ninth Circuit have, as yet, recognized a freestanding claim of actual innocence of a noncapital

---

[4]The scheduling order otherwise precludes serial presentation of defenses herein absent an order of the Court. (ECF No. 8 at 2.)

5

offense.[5] Respondents otherwise do not specifically address the particulars pertaining to Anderson's claims of actual innocence of embezzlement in Ground 2 and of felony attempt to obtain money by false pretenses in Ground 3.

The Court would prefer not to address the unresolved legal question in the abstract, particularly given the high threshold that would be required to substantiate such claims if otherwise cognizable.[6] The Court accordingly defers resolution of the legal issue until such time as it considers Grounds 2 and 3 on the merits and determines whether petitioner can clear the high threshold required for the hypothetical actual-innocence claims in the first instance.

### C.  Cognizability of Grounds 1 through 3

Respondents contend that Grounds 1 through 3 are not cognizable under *Tollett v. Henderson*, 411 U.S. 258 (1973), because the claims constitute claims of pre-plea error. To the contrary, the Supreme Court's recent decision in *Class v. United States,* 2018 WL 987347 (U.S., Feb. 21, 2018), confirms that these grounds instead are cognizable.

In Ground 1, petitioner alleges that: (a) he was subjected to double jeopardy in violation of the Fifth and Fourteenth Amendments when he was charged and convicted of embezzlement as well as theft and attempt to obtain money by false pretenses because the latter two offenses allegedly are encompassed within the completed offense of embezzlement; and (b) he was denied effective assistance of counsel when trial counsel,

---

[5] *See, e.g., McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013); *Herrera v. Collins*, 506 U.S. 390, 404-05 (1993); *Gimenez v. Ochoa*, 821 F.3d 1136, 1143 (9th Cir.), *cert. denied*, 137 S.Ct. 503 (2016); *Jones v. Taylor*, 763 F.3d 1242, 1246-47 (9th Cir. 2014).

[6] The threshold showing required for any hypothetical freestanding actual innocence claim would be "extraordinarily high" and would require "more convincing proof of innocence" than the actual-innocence standard applied in *Schlup v. Delo*, 513 U.S. 298 (1995), for overcoming a procedural bar. *E.g., House v. Bell*, 547 U.S. 518, 554-555 (2006). At a minimum, the petitioner must go beyond demonstrating merely doubt about his guilt under the *Schlup* standard and instead must affirmatively prove that he is probably innocent. *Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997). Accordingly, if a petitioner cannot satisfy the lower standard for the *Schlup* actual-innocence gateway, he then clearly cannot satisfy the "extraordinarily high" and "truly persuasive" showing required for habeas relief on a hypothetical freestanding claim of actual innocence. *See, e.g., Jones*, 763 F.3d at 1246-47 & 1251.

*inter alia*, failed to challenge the charging documents on this basis and recommended that petitioner enter a plea without holding a preliminary hearing or otherwise engage in discovery and development of defenses to the charges. (ECF No. 9 at 3.)

*Class* confirms that the double jeopardy claim presented in Ground 1(a) is cognizable notwithstanding a plea, because "'a plea of guilty to a charge does not waive a claim that — judged on its face — the charge is one which the State may not constitutionally prosecute'" or, by logical extension, inflict multiple punishments for the same offense. *Class*, slip op. at *4 (quoting *Menna v. New York*, 423 U.S. 61, 63 & n.2 (1975)); s*ee also United States v. Broce*, 488 U.S. 563, 569 (1989) (pre-plea claims are cognizable that inherently claim "on the face of the record the court had no power to enter the conviction or impose the sentence"). Respondents otherwise present no specific argument that this double jeopardy claim is foreclosed by specific factual admissions inherent in Anderson's plea. *Cf. Class*, slip op. at *5 (discussing *Broce*).[7]

The claim in Ground 1(b) essentially that petitioner's plea decision was adversely impacted by pre-plea failings by counsel in this regard clearly presents a cognizable federal habeas claim. *See, e.g., Hill v. Lockhart*, 474 U.S. 52, 59-60 (1985); *Tollett v. Henderson*, 411 U.S. at 267.

In Ground 2, petitioner alleges that he was denied due process and effective assistance of counsel in violation of the Fifth, Sixth and Fourteenth Amendments essentially on the basis that he is actually innocent of embezzlement on the facts presented. In Ground 3, he alleges that he was denied due process and effective assistance in violation of the Sixth and Fourteenth Amendments on the basis that he is actually innocent of felony attempt to obtain money by false pretenses. Although petitioner refers to ineffective assistance in each ground, there are no specific allegations in either ground of what counsel did or failed to do in this regard. (ECF No. 9 at 5.)

///

---

[7]The Court expresses no opinion as to the merits of any claim herein. The issue at this juncture only is one of cognizability on the face of the papers presented.

The discussion in *Class* confirms that such a claim that "the facts alleged and admitted do not constitute a crime," if otherwise cognizable, is not precluded by a plea. *Class*, slip op. at *5 (quoting *Commonwealth v. Hinds*, 101 Mass. 209, 210 (1869)).[8]

Respondents accordingly have not established that Grounds 1 through 3 are not cognizable because they present pre-plea claims of error.

**III. CONCLUSION**

It is therefore ordered that respondents' motion to dismiss (ECF No. 18) is denied without prejudice to a possible renewed motion to dismiss limited to the time-bar defense.

It is further ordered that, within sixty (60) days of entry of this order, respondents must respond to the petition either by the aforementioned renewed motion to dismiss or instead by an answer on the merits as to all claims.

It is further ordered that petitioner may file a response to a motion to dismiss or a reply to an answer within thirty (30) days of service of respondents' filing.

DATED THIS 13th day of March 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[8] Whether a freestanding claim of actual innocence is cognizable in federal habeas corpus is another matter, but the discussion in *Class* would suggest that such a claim is not precluded by a guilty plea.